UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONNA A. RIDLEY,                )
                                )
        Plaintiff,               )
                                )
    v.                           )   Civil Action No. 14-0496 (EGS)
                                )
VMT LONG TERM CARE               )
MANAGEMENT, INC.,                )
                                )
        Defendant.               )

**MEMORANDUM OPINION**

This matter is before the Court on Defendant VMT Long Term Care Management, Inc.'s Motion to Dismiss Plaintiff's Complaint [ECF No. 6].[1] For the reasons discussed below, the motion will be granted.

I. BACKGROUND

Plaintiff, an African American woman, Compl. ¶ 3, was employed by defendant VMT Long Term Care Management, Inc. ("VMT"), *id*. ¶ 4, as a home health aide from August 2004 until her termination on December 19, 2012, *id*. ¶ 5. Preceding plaintiff's termination was an incident at the Washington Hospital Center, described by a VMT representative as follows:

> [The] Clinical Administrator for VMT[] received an email on December 14, 2012 from . . . the [Emergency Department] Charge Nurse at Washington Hospital Center. The email stated that [plaintiff] brought the patient for whom she was caring to the

---

[1] The Court will deny Plaintiff's Motion [ECF No. 10], and instead construe it as plaintiff's opposition ("Pl.'s Opp'n") to VMT's motion to dismiss. In addition, the Court will deny plaintiff's motion for a hearing [ECF No. 12] as moot.

1

> Emergency Department and immediately left the premises without giving a report on the patient. The patient was not conscious and therefore [was] unable to speak for herself. [Plaintiff] was asked to stay with her patient by the Triage Nurse to which [plaintiff], according to the Nurse's account and by her own admission replied "you all can take care of her". [Plaintiff] then proceeded to leave the premises to deliver an inservice that she completed for the Home Health Aide of another agency. By [plaintiff's] own admission, she was gone at least 30 minutes . . . .
>
> Upon [plaintiff's] return to the [Emergency Department], she was informed that she acted inappropriately by leaving her patient unattended when she had been specifically asked not to do so. [Plaintiff] proceeded to verbally accost the Triage Nurse by telling her "to shut her f---ing mouth" and that she would "wait outside" for her.

Compl., Ex. (Employee Counseling Record dated December 19, 2012). Plaintiff was charged with client abandonment, conducting personal business during work hours, and engaging in heated arguments or outburst in front of clients. *Id.*, Ex. (Employee Counseling Record). On December 19, 2012, "VMT terminated [plaintiff's] employment." *Id.* ¶ 5.

Plaintiff asserts that "[t]he reasons for the termination were not true." Compl. ¶ 6. She alleges that "[a] white employee at Washington Hospital Center had called [her] racially derogatory names," *id.*, and that this same employee "made false allegations against [her] including falsely accusing her of abandoning a patient," *id.* ¶ 7. Plaintiff alleges that, "[b]y firing her for false reasons that VMT knew were related to her race, VMT violated [her] rights under 42 U.S.C. [§] 1981." *Id.* ¶ 9. She demands judgment in her favor, compensatory damages, reinstatement to her position as a home health aide, and attorney fees and costs of litigation, *id.* (Claims for Relief).

## II. DISCUSSION

### A. *Dismissal Under Rule 12(b)(6)*

VMT moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff's complaint fails to state a claim upon which relief can be granted. *See generally* Def. VMT Long Term Care Management, Inc.'s Mem. of P. & A. in Support of its Mot. to Dismiss Pl.'s Compl. ("Def.'s Mem.") at 3-7. According to VMT, "[r]ead as a whole, [the] Complaint does not adequately state a claim for racial discrimination because [it] fails to plead facts that rise above the speculative level showing that VMT was motivated to terminate [plaintiff's] employment based on her race." *Id*. at 2 (internal quotation marks omitted).

A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering such a motion, the "complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). "However, the [C]ourt need not accept inferences drawn by [the] plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Id*. Nor must the Court accept "a legal conclusion couched as a factual allegation," nor "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (noting that the D.C. Circuit has "never accepted legal conclusions cast in the form of factual allegations" (internal quotation marks omitted)). Ordinarily on a Rule 12(b)(6) motion, the Court considers only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the

Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997)).

"To survive a [Rule 12(b)(6) ] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

### B. Plaintiff Fails to State a § 1981 Claim

"All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). It is established that such contracts include employment contracts. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 460 (1975) (holding that "§ 1981 affords a federal remedy against discrimination in private employment on the basis of race"); *see Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 224 (2d Cir. 2004) (noting that § 1981 "outlaws discrimination with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship, such as employment"). To state a claim under § 1981, a plaintiff not only "must initially identify an

impaired contractual relationship . . . under which [she] has rights," *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (internal quotation marks and citation omitted), but also must allege "some facts that demonstrate that [her] race was the reason for the defendant's actions." *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990), *aff'd sub nom. Bray v. Hebble*, 976 F.2d 45 (D.C. Cir. 1992) (per curiam) (citation omitted).

Four paragraphs of plaintiff's complaint pertain to race. Two of these paragraphs, *see* Compl. ¶¶ 5, 9, are mere assertions that VMT terminated plaintiff because of her race. The other two paragraphs allege that a Charge Nurse at the Washington Hospital Center called plaintiff racially derogatory names. *Id*. ¶¶ 6, 8. There is no suggestion, however, that the Charge Nurse is in any way associated with VMT, such that the nurse's statements can be attributed to VMT.

"[P]laintiff cannot merely invoke [her] race in the course of a claim's narrative and automatically be entitled to pursue relief." *Bray*, 748 F. Supp. at 5 (citing *Jaffe v. Fed. Reserve Bank of Chicago*, 586 F. Supp. 106, 109 (N.D. Ill. 1984)). Rather, her complaint must allege a racially discriminatory purpose for VMT's action. *See, e.g., Fagan v. U.S. Small Business Admin.*, 783 F. Supp. 1455, 1464 (D.D.C. 1992), *aff'd*, 19 F.3d 684 (D.C. Cir. 1992). Without a factual basis to support an inference of discrimination by VMT based on plaintiff's race, the complaint asserts nothing more than a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. It therefore fails to state a claim under § 1981, and it must be dismissed. *See Mekuria v. Bank of America*, 883 F. Supp. 2d 10, 15 (D.D.C. 2011) (dismissing § 1981 claim where complaint's only allegations regarding race "are nothing more than legal conclusions devoid of any factual support" which do not "suggest that the Bank or any of its employees discriminated against [plaintiff] based on his race"); *Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 88 (D.D.C. 2010) ("Even reading plaintiff's complaint in the light most favorable to her and construing all

5

reasonable inferences in her favor, the Court can find no facts that support an inference of discrimination."), *aff'd*, 424 F. App'x 10 (D.C. Cir.) (per curiam), *cert. denied*, 132 S. Ct. 846 (2011).

### III.  CONCLUSION

The Court concludes that plaintiff fails to state a claim of discrimination under 42 U.S.C. § 1981.  Accordingly, VMT's motion to dismiss will be granted.  An Order accompanies this Memorandum Opinion.

Signed:		EMMET G. SULLIVAN
		United States District Judge

Dated:		September 18, 2014